UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

In Re: BENJAMIN ERIC WATTS and                                      CHAPTER 13
AMY NICOLE WATTS                                                    NO. 14-14565 JDW

## MOTION FOR AUTHORITY TO SELL PROPERTY OF THE ESTATE

COMES NOW, BENJAMIN ERIC WATTS and AMY NICOLE WATTS, Debtors in the above styled and numbered cause, and file this their Motion for Authority to Sell Property of the Estate, respectfully showing unto the Court as follows:

1. Debtors filed a petition for relief under Chapter 13 of the Bankruptcy Code on the 12th day of December, 2014, in the above styled and numbered cause.

2. This Court has jurisdiction pursuant to 11 U.S.C. §1334, and this is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(N).

3. On the date of filing of the case (the "Petition Date"), the Debtors were and continue to be the record owner of a of the the real property located at 121 CR 369, Water Valley, MS, which is located in Lafayette County, MS, and is more particularly described on Exhibit "A" attached hereto.

4. Also, on the Petition Date, the Debtors were and continue to be the record owner of a 2011 River Birch 28' x 56' mobile home, VIN: RB10AL15797AB (the "River Birch mobile home").

5. The equity in the above described real property and mobile home are exempt under Mississippi law, as claimed in the Amended schedules filed by Debtors.

6. The Debtors have found a purchaser, Patrick P. Caine, who is willing to purchase the land and mobile home for the sum of $28,000.00. Debtors have filed this Motion to request the authority to sell the land and mobile home to said Purchaser.

7. Oxford University Bank ("OUB") holds a lien on the real property described on Exhibit "A", as evidenced by the promissory note and deed of trust attached to the proof of claim (Clm. #5-1) filed by OUB. Per the Confirmed Chapter 13 Plan (Dkt. #44), said claim is a fully secured claim. OUB has been paid its regular monthly mortgage payments and the estimated payoff which will approximately $5,130.00. However, should the sale be approved, the payoff balance of the claim as calculated by OUB must be paid directly from the sale proceeds, which will pay off the full OUB claim, including any arrears claim.

8. 21st Mortgage Corporation ("21st Mortgage") holds a lien upon the River Birch mobile home as evidenced by the note and security agreement attached to the proof of claim (Clm. #4-1) filed by 21st Mortgage on January 12, 2015. The 21st Mortgage claim was modified by the Confirmed Plan, which provided that 21st Mortgage will be paid the value of its collateral in the amount of $30,000.00 plus the *Till* Rate of 5.0% per annum. Per the Chapter 13 Trustee's report, the more to come balance on the 21st Mortgage claim is $7,227.62, but after the March disbursement, the balance should be reduced to approximately $6,727.00, and if the claim is paid during April, the payoff will be approximately $6,755.00, which will require payment to the trustee on or before April 26, 2019; the payoff of the claim will be approximately $7,263.50 so the Trustee's normal compensation can be paid and the 21st Mortgage claim can be paid in full. However, should the sale be approved, the payoff balance of the claim as calculated by the Chapter 13 Trustee must be paid. If the payoff is paid in April, these payment will be lower as determined by the Chapter 13 Trustee.

9. After payment of the two secured claims, the Debtors would be entitled to retain the net proceeds from the sale of approximately $14,840.00. However, Debtors request that sufficient funds be paid to the Chapter 13 Trustee to payoff the 21st Mortgage claim as shown above together with the sum of $4,310.00 being paid to the Chapter 13 Trustee to pay the

Trustee's normal compensation and pay the remaining amount owed to Nissan Motor Acceptance Corp ("NMAC") on its claim and pay the remaining amount owed to Regions Bank on its claim.

10. To ensure that enough funds are paid to the Chapter 13 Trustee to pay her fees, the 21st Mortgage claim, the NMAC claim and the Regions Bank claim, Debtors agree that the sum of $12,000.00 will be paid directly from the sales proceeds to the Chapter 13 Trustee.

WHEREFORE, Debtors pray for the following relief:

a) that this Court will enter its Order granting the Debtors the authority to sell the Debtors' real property and their River Birch mobile home for the sum of $28,000.00;

b) that the closing attorney, title company or closing agent, be directed to pay OUB the sum required to pay its claim in full as calculated by OUB, including all portions of its claim;

c) that the closing attorney, title company or closing agent, be directed to pay the sum of $12,000.00 to the Chapter 13 Trustee, from which the Trustee shall be paid her normal compensation, and from which, 21st Mortgage, NMAC and Regions Bank shall be paid the remaining amount owed to complete Chapter 13 plan;

d) that the closing attorney, title company or closing agent, be authorized to pay the remaining portion of the net proceeds from the sale to the Debtors;

e) that OUB and 21st Mortgage be ordered to release their lien on their collateral upon receipt of the funds require to pay the claims as required in the Court's order; and

(f) Debtors pray for such other, further and general relief to which they may be entitled.

Respectfully submitted,
BENJAMIN ERIC WATTS and
AMY NICOLE WATTS, Debtors

By: /s/Robert Gambrell
ROBERT GAMBRELL, Atty for Debtors
MSB #4409

## CERTIFICATE OF SERVICE

      I, ROBERT GAMBRELL, Attorney for the above listed Debtors, do hereby certify that the following have been served electronically via ECF the above Motion for Authority to Sell Property of the Estate:

    David W. Asbach, Acting U. S. Trustee
    Locke D. Barkley, Chapter 13 Trustee
    and all other parties that are authorized to receive pleadings via ECF.

Dated this 25th day of March, 2019.

                                              /s/ Robert Gambrell
                                            ROBERT GAMBRELL
                                            GAMBRELL & ASSOCIATES, PLLC
                                            101 Ricky D. Britt Blvd., Ste. 3
                                            Oxford, MS 38655
                                            Ph: (662)281-8800 / Fax: (662)202-1004
                                            rg@ms-bankruptcy.com

## *EXHIBIT "A"*

A FRACTION OF THE NORTHWEST QUARTER OF SECTION 4, TOWNSHIP 10 SOUTH, RANGE 3 WEST, LAFAYETTE COUNTY, MISSISSIPPI:

COMMENCE AT AN IRON PIPE FOUND IN A FENCE CORNER MARKING THE SOUTHEAST CORNER OF THE SOUTHWEST QUARTER OF THE NORTHWEST QUARTER OF SECTION 3, TOWNSHIP 10 SOUTH, RANGE 3 WEST, LAFAYETTE COUNTY, MISSISSIPPI AND RUN THENCE NORTH FOR 1632.82 FEET AND WEST FOR 5492.89 FEET TO A HALF INCH IRON PIPE FOUND ON THE EAST RIGHT-OF-WAY OF COUNTY ROAD 369. THENCE SOUTH 74° 28' 42" EAST (REFERENCE BEARING DEED BK. 470/PG. 410) FOR 449.59 FEET TO A HALF INCH IRON PIPE FOUND; THENCE SOUTH 15° 43' 45" WEST FOR 60.73 FEET TO A HALF INCH REBAR SET AT THE POINT OF BEGINNING. FROM THE POINT OF BEGINNING RUN THENCE NORTH 74° 28' 42" WEST FOR 476.55 FEET TO A HALF INCH REBAR SET ON THE EAST RIGHT-OF-WAY OF SAID COUNTY ROAD 369; THENCE ALONG THE EAST RIGHT-OF-WAY OF SAID ROAD 369 AS FOLLOWS: SOUTH 39° 37' 22" WEST FOR 40.56 FEET; SOUTH 37° 53' 51" WEST FOR 57.39 FEET; SOUTH 33° 56' 36" WEST FOR 59.76 FEET; SOUTH 28° 52' 19" WEST FOR 61.08 FEET; SOUTH 24° 35' 35" WEST FOR 74.10 FEET; SOUTH 24° 51' 58" WEST FOR 51.54 FEET TO A HALF INCH REBAR SET IN A FENCE ALIGNMENT; THENCE SOUTH 86° 25' 26" EAST ALONG SAID FENCE FOR 579.79 FEET TO A HALF INCH REBAR SET; THENCE NORTH 15° 43' 45" EAST LEAVING SAID FENCE FOR 210.23 FEET TO THE POINT OF BEGINNING. SAID PARCEL OF LAND IS PART OF THE NORTHWEST QUARTER OF SECTION 4, TOWNSHIP 10 SOUTH, RANGE 3 WEST, LAFAYETTE COUNTY, MISSISSIPPI AND CONTAINS 3.25 ACRES, MORE OR LESS.